**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARA MYERS,

        Plaintiff,

v.                                                                  Case No. 3:26-cv-467-TJC-PDB

MEDICAL COMPONENTS, INC.,
et al.,

        Defendants.

_____

**ORDER DENYING MOTION TO REMAND**

This case is before the Court on plaintiff's motion to remand (Doc. 12), to which defendants responded in opposition (Doc. 23).  A defendant's litigation-based waiver of the right to remove must be "clear and unequivocal."  See Global Satellite Comm. Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (explaining that a "higher threshold of a 'clear and unequivocal' waiver . . . applie[s] to litigation-based waivers"); see also Tice v. USAA Casualty Ins. Co., No. 6:25-cv-821-JA-NWH, 2025 WL 1886696, at *1 (M.D. Fla. July 9, 2025) ("Courts in this district have clarified that a defendant is only deemed to have waived its right to remove if, after the right to remove is apparent, it takes 'clear and unequivocal actions' in state court that manifest its intent to have the matter adjudicated [in state court].") (quotations and citations omitted).  Here, the stipulation defendants included in the Pennsylvania state court motion did

not clearly and explicitly waive their right to remove.  Plaintiff provided no other actual agreement between the parties regarding waiver. [1]  The misunderstanding between counsel for the parties is regrettable, but it does not present a basis to find a waiver of defendants' right to remove.  Further, the consent of non-served defendant Medical Components Inc., while not required, was properly obtained nonetheless.

Accordingly, it is hereby

**ORDERED**:

1.      Plaintiff's Motion to Remand (Doc. 12) is **DENIED**.

2.      Plaintiff shall file her response to defendants' motions to dismiss (Docs. 31 & 32) no later than **July 8, 2026**.  (Due to the similarity of the motions, the Court encourages plaintiff to file a single response addressed to both motions; if necessary, she may have 5 additional pages beyond the 20-page limit provided by Local Rule 3.01(c)).

3.      The Court will issue a Case Management and Scheduling Order separately.

---

[1] Even if the stipulation were included in a contract (where, in the Eleventh Circuit, ordinary contract principles would govern instead of the "clear and unequivocal" standard), the outcome would likely be the same.  See Global Satellite, 378 F.3d at 1272-73 (holding that forum selection clause waiving right to contest venue or jurisdiction in Broward County, Florida did not preclude removal to federal court).

**DONE AND ORDERED** in Jacksonville, Florida this 10th day of June, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record

3